**Castel VENABLE, Petitioner-Appellant,**

**v.**

**William S. NEIL, Warden, Tennessee State Penitentiary, Respondent-Appellee.**

**No. 71–1593.**

United States Court of Appeals, Sixth Circuit.

June 30, 1972.

Charles L. Hendrix, Jr., Nashville, Tenn., for appellant.

Bart Durham, Asst. Atty. Gen., Nashville, Tenn., for appellee; David M. Pack, Atty. Gen., of counsel.

Before McCREE and KENT, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

This is an appeal from an order denying a petition for a writ of habeas cor-

---

pus attacking the constitutional validity of petitioner's conviction on his plea of guilty to second degree murder. Although two contentions were asserted, only one presents an issue cognizable in this proceeding: that petitioner was denied the effective assistance of counsel appointed to represent him in the state criminal proceedings. He has exhausted available state remedies.

The District Judge stated that petitioner would be entitled to an evidentiary hearing before him on his allegations of ineffective assistance but for the fact that he was not prejudiced thereby because petitioner, by his own statement at the state court post-conviction hearing, was guilty of at least second degree murder for which he received the minimum sentence (10 years) which could lawfully be imposed. The District Judge made no reference to the relationship between the alleged ineffective assistance and two charges of assault with intent to commit murder to which a plea of guilty was also accepted and for which concurrent 3 year sentences to begin after expiration of the murder sentence were imposed.

We have examined the transcript of the state post-conviction proceeding upon which the District Court based its findings, and we observe that assigned trial counsel did not testify. Recognizing that predicting the outcome of criminal trials is at best an uncertain undertaking, we conclude that petitioner may have, with the assistance of counsel, presented an effective self-defense plea at trial. He testified that the victim had cut his throat eight months before the fatal shooting, had threatened his life more than once, and that petitioner shot the victim only because he was going for his knife. The uncontradicted testimony of petitioner is that his appointed attorney spoke to him for only ten minutes and refused to listen to his version of the shooting or to investigate the surrounding circumstances. The serious default of counsel alleged here was not cured when his guilty plea was accepted because he testified that his efforts to explain that counsel's infidelity compelled it were frustrated. *Cf.* McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

We cannot determine from this record whether petitioner's version of his relationship with his counsel is accurate. If it is, he has been denied a constitutional right. Accordingly, we reverse and remand for an evidentiary hearing with the assistance of counsel and for a determination whether appellant is entitled to habeas corpus relief.