Leroy BRACEY, Plaintiff-Appellant,

v.

STATE OF TENNESSEE et al., Defendants-Appellees.

No. 78–1451.

United States Court of Appeals, Sixth Circuit.

Submitted Feb. 1, 1980.

Decided March 3, 1980.

Leroy Bracey, Petros, Tenn., for plaintiff-appellant.

William M. Leech, Jr., Atty. Gen. of Tenn., William P. Sizer, Asst. Atty. Gen., Nashville, Tenn., for defendants-appellees.

Before EDWARDS, Chief Judge, CELEBREZZE and BROWN, Circuit Judges.

PER CURIAM.

Appellant Bracey appeals *pro se* from denial by the District Court in the Eastern District of Tennessee of his complaint alleging that the State of Tennessee is illegally honoring an unlawful detainer against him lodged by the State of Alabama. Appellant was convicted in 1967 in Alabama for armed robbery and sentenced to serve 10 years, and escaped therefrom in January of 1972; and subsequently was arrested and convicted and sentenced to 20 years in prison in Tennessee on a charge of armed robbery, and escaped from a Tennessee prison in August of 1973 and was apprehended in November of that year in Alabama and returned to the State of Tennessee, where he is still incarcerated.

On these naked facts, it would seem unlikely that there was any possible merit to his petition. It appears, however, from the record we review that Bracey has succeeded in convincing some obviously tough-minded prison officials that some high level consideration should be given to his effort to seek relief from a detainer filed on behalf of the State of Alabama under date of March 7, 1973, and that the Alabama detainer is working an injustice in the present state of Bracey's prison program in Tennessee (note letter dated May 31, 1978, signed by Stonney Lane, Warden, Brushy Mountain, attached).

We now turn to consideration of whether or not the District Court or this court has any authority in relation to the problem appellant Bracey presents.

As a legal proposition, Bracey contends that *Shields v. Beto*, 370 F.2d 1003 (5th Cir. 1967), supports his right for federal court intervention in the relationships between the prison systems of Alabama and Tennessee. *Shields*, however, is a unique decision decided upon unique facts, which certainly are not matched by Bracey's circumstances. We are not aware of any provision in the Interstate Agreement on Detainers, or in any case law of this circuit, which would afford a District Court authority to provide the relief sought by Bracey by an order directing the Tennessee prison officials to disregard the Alabama detainer or by ordering the Alabama officials to withdraw same.

As we see the matter, if any relief is justified, it must come from the administrative officials in the states concerned.

The judgment of the District Court is affirmed.

May 31, 1978

TO WHOM IT MAY CONCERN:

For the past year or so, inmate Leroy Bracey has worked diligently with our Recreational Department at the Brushy mountain prison at Petros, Tennessee. His work has entailed considerable public relations work as well as strenuous physical labor. His work in both areas has been outstanding and he maintains a splendid relationship with both prison personnel and inmates alike.

It is my feeling he would be a priority candidate for work-release programs or other rehabilitation programs if it were not for an existing and outstanding Detainer presently lodged against him by Alabama Authorities.

Respectfully,

/s/ HERMAN C. DAVIS
Deputy Warden

/s/ S. R. LANE
Warden Brushy Mountain

/s/ RAY TUCKER
Recreational Director