**Alfred E. GRIZZELL, Petitioner,**

**v.**

**STATE OF TENNESSEE, et al.,
Respondents.**

**Civ. A. No. 3–84–0063.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Jan. 20, 1984.

Opinion on Denial of Rehearing
Feb. 9, 1984.

Orders on Various Motions July 27, 1984
and Aug. 14, 1984.

Alfred E. Grizzell, pro se.

William M. Leech, Jr., Atty. Gen., and James Charles, Metro Legal Dept., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION, ORDERS AND CERTIFICATE

NEESE, Senior District Judge, Sitting by Designation and Assignment.

The petitioner Mr. Alfred E. Grizzell, who was apparently convicted of robbery and kidnapping on June 23, 1977 in the Criminal Court of Davidson County, Tennessee, seeks the federal writ of habeas corpus.[1] 28 U.S.C. § 2254. The basis therefor is his contention that the state of Tennessee violated the Interstate Agreement on Detainers (Agreement), Art. III(a), by not commencing his trial within the mandatory 180 days.[2] That claim is not cognizable in this proceeding:

▆▆▆ The rights created by such Agreement " * * * are statutory, not fundamental, constitutional, or jurisdictional in nature. * * * " *Greathouse v. United States,* 655 F.2d 1032, 1034 (10th Cir.1981). Nonconstitutional claims can be raised on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice. *Stone v. Powell,* 428 U.S. 465, 477, n. 10, 96 S.Ct. 3037, 3044, n. 10, 49 L.Ed.2d 1067 (1976), *reh. den.,* 429 U.S. 874, 97 S.Ct. 197, 50 L.Ed.2d 158 (1976).

▆▆ This Court is satisfied that any violation of the Agreement by the state of Tennessee did not constitute such a fundamental defect in the state proceedings against Mr. Grizzell as to be cognizable in this federal habeas corpus proceeding. *Mars v. United States,* 615 F.2d 704, 707[1] (6th Cir.1980), *cert. den.,* 449 U.S. 849, 101 S.Ct. 138, 66 L.Ed.2d 60 (1980), distinguishing *Stroble v. Anderson,* 587 F.2d 830 (6th

Cir.1978), *cert. den.,* 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979); *see Kowalak v. United States,* 645 F.2d 534, 536–537 (6th Cir.1981); *cf. Bracey v. State of Tennessee,* 616 F.2d 268 (6th Cir.1980). The petitioner makes no claim that any failure to commence his trial within 180 days in any way affected or impugned the integrity of the factfinding process at his trial or that it caused him any actual prejudice. He does not claim that his convictions were the product of, or were affected by, any violation of the Agreement. In fact, he avers in his petition that the Tennessee trial judge "Dismissed the Indictments"!

It appearing plainly on preliminary consideration, Rule 4, 28 U.S.C. fol. § 2254, from the face of the applicant's petition that he is entitled to no relief in this Court now, it hereby is

ORDERED:

(1) that his petition is DISMISSED summarily, *id.;*

(2) that the clerk so notify the petitioner forthwith, *id.;* and,

(3) that copies of such petition be served with copies of this order forthwith by certified mail on the respondent-sheriff and the attorney general and reporter of the state of Tennessee, *id.*

Should the applicant give timely notice of an appeal from this order and the judgment to be entered herein, Rule 58(1), F.R.Civ.P., he is authorized to proceed thereon in forma pauperis. Rule 24(a), F.R.App.P. Any such notice will be treated also as an application for a certificate of probable cause. Rule 22(b), F.R.App.P.

As the petitioner plainly has not stated a claim cognizable under 28 U.S.C. § 2254, such certificate will not issue. *Id.*

### On Motion For Rehearing

The petitioner seeks a rehearing herein on the ground that the Court misconstrued

---

1. Annexed to the applicant's petition is his affidavit that he is unable to pay the costs of this proceeding or give security therefor and his statement of his belief that he is entitled to redress. 28 U.S.C. § 1915(a). He hereby is AUTHORIZED, therefore, to commence and prosecute this proceeding without prepayment of fees or costs or giving security therefor. *Id.*

2. "Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint

on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint * * *." Art. III(a), *supra.*

Both Florida and Tennessee are signatories to the Agreement. *See* West's F.S.A. §§ 941.45—941.50, inclusive; T.C.A. §§ 40–3901—40–3908, inclusive.

the allegations of his petition and ignored the holding of *Cuyler v. Adams,* 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981). His application for a rehearing lacks merit, and same hereby is

DENIED.

 Further insight into the applicant's claim can be gleaned from the reported decision of *State v. Grizzell,* 584 S.W.2d 678 (Tenn.Cr.App.1979), *cert. den.* by Sup.Ct. of Tenn. (1979), *cert. den.,* 444 U.S. 993, 100 S.Ct. 527, 62 L.Ed.2d 423 (1979). This Court adheres to its view that the claimed violation of the Interstate Agreement on Detainers (Agreement) is not cognizable in this habeas corpus proceeding; * *Cuyler v. Adams, supra,* indicates nothing to the contrary. Mr. Grizzell cannot create a federal-constitutional claim by making merely the conclusory allegation that Tennessee's violation of the Agreement deprived him of due process and equal protection of the law.

### ORDER

This Court ruled previously that the petitioner's claimed violation by the state of Tennessee of the Interstate Agreement on Detainers is not cognizable in a federal habeas corpus proceeding. *Alfred E. Grizzell,* petitioner, v. *State of Tennessee, et al.,* respondents, civil action no. 3:84–0063, memorandum opinion, orders and certificate of January 20, 1984. Subsequently, the Court reiterated such ruling. *Id.,* memorandum opinion of February 9, 1984, notice of appeal filed February 28, 1984.

Once again, this Court adheres to its prior view and, therefore, the petition herein hereby is

DISMISSED summarily. Rule 4, 28 U.S.C. fol. § 2254. For the reasons assigned previously, a certificate of probable cause will NOT issue herein.

### ORDERS ON VARIOUS MOTIONS

This Court has ruled that a certificate of probable-cause will not issue herein. Order herein of July 27, 1984. Any further request therefor should be addressed to a

circuit judge. *See* 28 U.S.C. § 2253; Rule 22(b), F.R.App.P.

 Likewise, since jurisdiction of this action was transferred from this Court to the Court of Appeals on August 8, 1984, the petitioner's application for the appointment of counsel is more appropriately addressed to the latter Court.

The motion of the petitioner for leave to proceed on appeal in *forma pauperis* hereby is

GRANTED. Rule 24(a), F.R.App.P.

---

* Even if it were cognizable, Mr. Grizzell would be confronted with the finding of the state appellate court, *State v. Grizzell, supra,* that any default on the part of the state of Tennessee was attributable solely to the conduct of Mr. Grizzell in attempting to bypass the plain procedure set up by the Agreement. *See* 28 U.S.C. § 2254(d); *Marshall v. Lonberger,* 459 U.S. 422, 432, 103 S.Ct. 843, 850[2], 74 L.Ed.2d 646 (1983).