762 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RONALD MCZEAL PETITIONER-APPELLANT,
v.
UNITED STATES OF AMERICA, RESPONDENT-APPELLEE.
 NO. 83-3556
 United States Court of Appeals, Sixth Circuit.
 4/17/85
 ORDER
 
 1
 BEFORE: MERRITT and MILBURN, Circuit Judges; and GUY, District Judge.*
 
 
 2
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the respective parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 This is an appeal from the dismissal of appellant's 28 U.S.C. Sec. 2255 motion to vacate his 15 year sentence for bank robbery. The appellant had pled guilty to that charge. McZeal argues that his conviction should be vacated because the selection of the grand jury foreman was tainted by invidious discrimination and that defense counsel was ineffective. The district court dismissed the petition because it appeared the appellant was plainly not entitled to relief. Rule 4, Rules Governing Section 2255 Proceedings.
 
 
 4
 A valid guilty plea is generally regarded as a waiver of all nonjurisdictional defects or errors. Kowalak v. United States, 645 F.2d 534 (6th Cir. 1981). This rule has been applied to cases where a federal prisoner is challenging the composition of the indicting grand jury. Tollett v. Henderson, 411 U.S. 258 (1973). Consequently, the appellant's claim concerning the grand jury foreman has been waived by the guilty plea.
 
 
 5
 The appellant's second claim regarding ineffective assistance of counsel is also without merit. Once a guilty plea has been entered, the criminal defendant may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel did not satisfy a reasonable competency standard. Tollett v. Henderson, supra, at 267. The appellant's major contention concerns counsel's failure to challenge the selection of the grand jury foreman. The argument regarding discrimination in choosing a grand jury foreman has recently been reviewed by the Supreme Court in Hobby v. United States, ---- U.S. ----, 104 S.Ct. 3093 (1984) and found to be without merit. Thus, no prejudice could result from defense counsel's possible deficiency in this context. Furthermore, voir dire of the jury had begun prior to the guilty plea, and appellant has made several allegations regarding counsel's ineffectiveness in selection of the jury. However, the guilty plea also renders any mistakes in this area non-prejudicial. Since there is no logical nexus between the alleged errors and the voluntariness of the appellant's guilty plea, the district court did not err in dismissing this case.
 
 
 6
 Accordingly, it is ORDERED that the district court, is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ralph B. Guy, U.S. District of Michigan, sitting by District of Michigan, Sitting by designation