780 F.2d 1021
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
DAVID RAY KEEN, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 85-5414
 United States Court of Appeals, Sixth Circuit.
 11/6/85
 
 AFFIRMED
 W.D.Ky.
 ORDER
 BEFORE: MARTIN and CONTIE, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 Petitioner is appealing from an order denying his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the Court under Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The record shows that on April 6, 1983, petitioner was arrested by Louisville, Kentucky police and charged with first-degree wanton endangerment and carrying a concealed deadly weapon by a convicted felon, both offenses being Class D felonies under the Kentucky Revised States. At the time of the offense, petitioner was on parole on a prior state conviction for first-degree robbery.
 
 
 3
 On April 27, 1983, the charges against petitioner were dismissed by the Commonwealth of Kentucky. Nonetheless, petitioner's parole was revoked and he was returned to the Kentucky State Reformatory.
 
 
 4
 On March 6, 1984, a federal grand jury in the Western District of Kentucky returned a two-court indictment charging petitioner with possession of an unregistered firearm, in violation of 26 U.S.C. Secs. 5861(d) and 5871, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. App. Sec. 1202(a)(1). On March 12, 1984, a writ of habeas corpus and prosequendum was filed in this case to gain the presence of petitioner for the proceedings in the U.S. district court. In addition, a detainer was lodged against petitioner at the Kentucky State Reformatory.
 
 
 5
 The petitioner was taken into federal custody and placed in the Bullitt County (Kentucky) Jail. After each court appearance petitioner was returned to the Bullitt County Jail and remained there between appearances until his case was completed.
 
 
 6
 Prior to trial, petitioner moved the district court to dismiss the indictment on speedy trial grounds, citing the Sixth Amendment, the Fifth Amendment, and the Speedy Trial Act, 18 U.S.C. Sec. 3161. In an order filed May 8, 1984, petitioner's motion to dismiss was denied.
 
 
 7
 Trial on the federal charges commenced September 25, 1984, and the jury returned a verdict of guilty as to both counts of the indictment. Petitioner was sentenced to three-years' imprisonment on the first count and to two years on the second count, said sentences to be served concurrently with each other but consecutively to his state sentence for robbery. Petitioner appealed his conviction to this Court but later withdrew that appeal.
 
 
 8
 On March 14, 1985, petitioner filed the present motion to vacate sentence, presenting the following claims:
 
 
 9
 1. That his federal conviction was invalid under the Speedy Trial Act, the Fifth Amendment, and the Sixth Amendment;
 
 
 10
 2. That his federal conviction was invalid under the Interstate Agreement on Detainers (18 U.S.C. App.).
 
 
 11
 By order filed April 11, 1985, petitioner's motion to vacate was denied and this appeal followed.
 
 
 12
 Petitioner asserts first that the 11-month delay between the time his criminal acts were committed and a federal indictment was returned violated the Speedy Trial Act, the Sixth Amendment right to a speedy trial and the Due Process Clause of the Fifth Amendment. In United States v. Alfarano, 706 F.2d 739, 741 (6th Cir.), cert. denied, 461 U.S. 931 (1983), this Court held that neither the Speedy Trial Act nor the Sixth Amendment apply to the time between a criminal occurrence and a subsequent formal charge of wrongdoing. The Due Process Clause may provide a basis for dismissing an indictment if the defense can show at trial that prosecutorial delay somehow prejudiced the right to a fair trial. United States v. Marion, 404 U.S. 307, 325-26 (1971). Here petitioner has merely made conclusory allegations that his defense was prejudiced. Petitioner has not shown the occurrence of actual prejudice and for that reason his Fifth Amendment claim is eritless.
 
 
 13
 Petitioner's second claim is that the procedures used to transfer him from the Kentucky State Reformatory into federal custody to stand trial violated Article IV(e) of the Interstate Agreement on Detainers. There is nothing in the record or on the district court docket sheet indicating that petitioner presented this argument to the district court prior to or during his trial. As such, petitioner has waived his right to assert this claim. Mars v. United States, 615 F.2d 704, 707 (6th Cir.), cert. denied, 449 U.S. 849 (1980); United States v. Eaddy (Eaddy II), 595 F.2d 341, 346 (6th Cir. 1979); Kowalak v. United States, 645 F.2d 534, 536 (6th Cir. 1981).
 
 
 14
 In his appellate brief, petitioner alleges further violations of the Interstate Agreement on Detainers in that 1) he was not returned to state custody after trial on the federal charges; and that 2) he was tried more than 120 days after being taken into custody. Because these claims were never presented to district court they cannot be considered on appeal. Sigmon Fuel Co. v. Tennessee Valley Authority, 754 F.2d 162, 164-65 (6th Cir. 1985).
 
 
 15
 It appears that the questions on which decision of this cause depends are so unsubstantial as not to need further argument. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 16
 Therefore it is ORDERED that the order of the district court be and it hereby is affirmed.