786 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROGER DALE BRAY, Petitioner-Appellant
v.
GENE SCROGGY, WARDEN, AND ATTORNEY GENERAL OF KENTUCKY,
Respondents-Appellees.
 85-5695
 United States Court of Appeals, Sixth Circuit.
 2/18/86
 
 1
 W.D.Ky.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: KEITH and MARTIN, Circuit Judges and BERTELSMAN, District Judge*.
 
 
 3
 This matter is before the Court upon the appellant's motion for counsel. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, appellant's motion and informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Roger Dale Bray is appealing the denial of his petition for habeas corpus. He is challenging a 1974 Kentucky grand larceny conviction to which he had pled guilty. This conviction is serving as a basis for a 1982 Kentucky persistent felony offender (PFO) conviction which carries a ten year sentence. The appellant seeks to undermine the PFO conviction by having the 1974 conviction held void. The habeas petition sets forth two arguments: Bray contends there was no record to show that a 1974 guilty plea was voluntarily made, and he argues the 1974 trial judge was biased because Bray owed the judge $450.
 
 
 5
 The district court held that the appellant waived any attack on the 1974 conviction by pleading guilty to the PFO conviction and consequently dismissed the petition. On appeal, Bray maintains his 1974 guilty plea was not entered voluntarily, and he contends the PFO guilty plea does not preclude a challenge to a 1974 conviction.
 
 
 6
 In the PFO proceeding, the appellant made a North Carolina v. Alfred, 400 U.S. 25 (1970), plea. Essentially, the appellant's counsel admitted that the Commonwealth could enter records which would show that Bray had two prior felony convictions but contested the accuracy of the records. In dismissing the action, the district court cited Kowalak v. United States, 645 F.2d 534 (6th Cir. 1981) for the proposition that a valid guilty plea is generally regarded as a waiver of all nonjurisdictional defects or errors; the court thereby held the PFO guilty plea precluded a challenge to the 1974 conviction.
 
 
 7
 It was improper to dismiss the action on this basis. One may challenge the validity of a prior guilty plea. See Boykin v. Alabama, 395 U.S. 238 (1969). Kowalak, supra, is inapplicable because it only applies to a situation where one is not challenging the validity of the guilty plea. United States v. Boniface, 631 F.2d 1229 (5th Cir. 1980).
 
 
 8
 It is clear, however, the appellant's petition can be dismissed on another ground. The district court's dismissal can be affirmed for any proper reason. Brown v. Allen, 344 U.S. 443, 459 (1953). A state procedural default which forecloses state review of an issue will also prevent review of such issues in a federal habeas action unless the petitioner can show cause for noncompliance and can show actual prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977). The Commonwealth made a motion to dismiss based upon Wainwright, Id., and the appellant filed a response. In Kentucky, one is required to challenge a prior conviction while under duress of that conviction through Rule 11.42, Kentucky Rules of Criminal Procedure, or one may attack the conviction via Rule 60.02, Kentucky Rules of Civil Procedure, if he can demonstrate an entitlement to relief which is not available by direct appeal or 11.42. Gross v. Comm., 648 S.W.2d 853 (Ky. 1983). The appellant attacked the 1974 guilty plea via Kentucky Rule 60.02, and both the Kentucky trial court and Kentucky Court of Appeals denied relief on procedural grounds. The appellant simply did not comply with the requirements set forth in Gross, supra. In short, he waited too long to attack the 1974 conviction.
 
 
 9
 Accordingly, it is ORDERED the motion for counsel is denied and the judgment dismissing the habeas petition is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit. The appellant has not shown cause or prejudice with respect to the aforementioned procedural default. Wainwright v. Sykes, supra.
 
 
 
 *
 The Honorable William O. Bertelsman, U.S. District Judge for the Eastern District of Kentucky, sitting by designation