905 F.2d 1537
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John M. GREGG, Petitioner-Appellant,
v.
UNITED STATES Of America, Respondent-Appellee.
John M. GREGG, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 90-5054, 90-5144.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1990.
 
 Before JONES and DAVID A. NELSON, Circuit Judges; and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals the district court's order denying his motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255 and the district court's order denying his post-judgment motion to amend the motion to vacate sentence. He requests the appointment of counsel. The appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 John Gregg pleaded guilty to bank robbery charges and to charges of placing lives in jeopardy and taking hostages. He was ordered to serve a total sentence of 45 years. In his motion to vacate sentence, Gregg alleged that his guilty plea is invalid because he is not receiving adequate medical care. He also alleged that the district court never specifically ruled on his motion to discharge the attorney appointed to represent him in his criminal proceedings.
 
 
 3
 Upon review, we conclude that the district court properly determined that Gregg failed to state a cognizable claim for relief under 28 U.S.C. Sec. 2255. Gregg's allegations of inadequate medical care may be addressed by filing a claim under the Federal Tort Claims Act. See 28 U.S.C. Sec. 2671 et seq. Alternatively, he may bring a civil rights claim against his custodians for an alleged eighth amendment violation. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).
 
 
 4
 The alleged error concerning the district court's failure to rule on a motion to discharge counsel does not provide grounds for relief under 28 U.S.C. Sec. 2255. Gregg has not demonstrated that his guilty plea was invalid. A valid guilty plea operates as a waiver of all nonjurisdictional defects or errors. See Kowalak v. United States, 645 F.2d 534, 537 (6th Cir.1981).
 
 
 5
 If the post-judgment motion is properly construed as a motion to alter or amend filed under Rule 59(e), Fed.R.Civ.P., the order denying the motion is not reviewable. If the post-judgment motion is properly construed as a motion for relief from judgment filed under Rule 60(b)--an issue on which the district court took no position--the denial of the motion is reviewable. Assuming, without deciding, that Gregg's post-judgment motion was filed under Rule 60(b), we see no error in the district court's decision to deny the motion.
 
 
 6
 Accordingly, the motions for appointment of counsel are hereby denied, and the orders of the district court entered on November 15, 1989, and December 8, 1989, are hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.