### State v. Bowman
*[Cite as 8 AOA 152]*

*Case No. 3-89-18*
*Crawford County, (3rd)*
*Decided December 21, 1990*

*Randall M. Dana, Ohio Public Defender and Barbara A. Farnbacher, 8 East Long Street - 11th Floor, Columbus, Ohio 43266-0587, for Appellant.*

*Russell Wiseman, Prosecuting Attorney and Lee A. Oldendick, P.O. Box 509, Bucyrus, Ohio 44820, for Appellee.*

MAHONEY, J.

Defendant-appellant, Frank Edward Bowman, appeals his conviction for escape in violation of R.C. 2921.34. We affirm.

Bowman was indicted on January 4, 1988 for escaping from the Crawford County jail in Ohio in violation of R.C. 2921.34 with a specification pursuant to R.C. 2941.143. Bowman was subsequently arrested in West Virginia. Law enforcement officials in both Michigan and Ohio lodged detainers against Bowman for untried charges against him in those states. On February 10, 1988 Bowman waived extradition to Ohio and Michigan and was transported to Michigan. On July 21, 1988, Bowman was sentenced to a term of imprisonment in Michigan on two of the three Michigan charges pending against him. On September 8, 1988, Bowman was sentenced on the final charge.

On April 3, 1989, Bowman was arraigned in Crawford County, Ohio on the escape charge. On May 16, 1989, the trial court denied Bowman's motion to dismiss the indictment based on the state's alleged failure to comply with the Interstate Agreement on Detainers ("IAD"). The trial court determined that all three of the Michigan charges had to be disposed of before Bowman was available for purposes of the IAD. Therefore, the trial court determined that the original trial date of April 27, 1989 was within the one hundred eighty

day-time period required by R.C. 2963.30, Article III. Accordingly, it overruled Bowman's motion to dismiss the indictment and ordered the trial to proceed as scheduled on May 17, 1989.

On the day of trial, Jay Wagner, Bowman's court-appointed attorney, stated that as a result of a letter that he had received from Bowman the evening before, Wagner learned that Bowman was dissatisfied with his representation. As a result, Wagner felt that he would not be able to zealously represent Bowman, and therefore, asked the court to withdraw him as counsel of record. The trial court then engaged Bowman in discussion as to why he was dissatisfied with his representation. After addressing Bowman's complaints, the trial court denied the motion to withdraw and explained to Bowman that he could either proceed with Wagner as his attorney or as his own attorney.

The parties then discussed the negotiated plea agreement on the record. At that time, Bowman expressed his concern that if he pleaded guilty, he might be precluded from appealing the denial of his motion to dismiss the indictment. The trial court granted a recess to allow Bowman to research this issue in the law library with the assistance of attorney Brad Starkey. The trial court also required Wagner to remain available if Bowman wanted to discuss anything with him.

Bowman executed a written waiver of jury trial and pleaded guilty, indicating that he was entering his plea with the understanding that the IAD issue was a jurisdictional question and therefore appealable. Bowman was sentenced to a one-year definite term. Bowman raises five assignments of error.

### FIRST ASSIGNMENT OF ERROR.

"Appellant was deprived of his right to the assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, and Article One, Section Ten of the Ohio Constitution."

Bowman contends that the trial court erred in not appointing substitute counsel for Jay Wagner, his court-appointed attorney, because the attorney sought to withdraw prior to trial and it was obvious that there had been a complete breakdown in the attorney-client relationship. As a result, the trial court's failure deprived Bowman of effective assistance of counsel. We disagree.

Where, during the course of his trial for a serious crime, an indigent defendant questions the effectiveness and adequacy of assigned counsel, it is the duty of the trial court to inquire into the complaint and make such inquiry a part of the record. *State v. Deal* (1969), 17 Ohio St. 2d 17, syllabus. The trial judge may then require the trial to proceed with assigned counsel participating if the complaint is not substantiated or is unreasonable. *Id.*

In this instance, the record reflects that the trial judge inquired into Bowman's complaints during a discussion with Bowman on May 17, 1989. The transcript of proceedings reflects that based upon Bowman's court-appointed attorney's preparation and argument the day before at the motion hearing, the trial judge had no question as to the attorney's professional competence. The record also reflects that the trial judge gave Bowman the opportunity to present each document that Bowman had wanted as part of the record during the motion hearing. The trial judge then examined the documents, including some which had already been submitted by Bowman's attorney.

Only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request violates the right to assistance of counsel. *Morris v. Slappy* (1983), 461 U.S. 1, 11-12. Moreover, the decision to substitute new counsel rests within the sound discretion of the trial court. *State v. Dukes* (1986), 34 Ohio App. 3d 263.

Considering Bowman's last minute request, and in light of the record which gives every indication of preparation and diligence by defense counsel, we cannot say that the trial court abused its discretion in refusing to substitute counsel.

Bowman also contends that there existed sufficient evidence in the record to show the complete breakdown of the attorney-client relationship so that the failure to substitute counsel deprived Bowman of the effective assistance of counsel.

The right to counsel guaranteed by the Sixth Amendment of the United States Constitution and Section 10 Article I of the Ohio Constitution does not always mean counsel of one's own choosing. *State v. Marinchek* (1983), 9 Ohio App. 3d 22, 23. The right to counsel must be balanced against the public's right to prompt, orderly and efficient administration of justice. Moreover, the right of a defendant to select his own counsel is inherent only in the cases where the accused is employing counsel himself. *Thurston v. Maxwell* (1965), 3 Ohio St.

2d 92, 93. Therefore, the right to have counsel assigned by the court does not impose a duty on the court to allow the defendant to choose his own counsel. In fact, to discharge a court-appointed attorney, the defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel. *State v. Coleman* (1988), 37 Ohio St. 3d 286, paragraph four of the syllabus, certiorari denied (1988), 102 L. Ed. 2d 238.

The record reflects that the attorney appointed by the court to represent Bowman never questioned his ability to represent Bowman until he received Bowman's letter the evening before trial; that the court-appointed attorney interjected into the proceedings before the court on Bowman's behalf; and that his appointed attorney had previously discussed the issues surrounding a guilty plea as compared to a no contest plea, and that he had advised Bowman on those issues. The trial court also allowed Bowman to research the issue of the appealability of the IAD speedy trial question before he pleaded guilty.

Bowman also received the assistance of a second attorney to help him research this issue.

Based upon these facts and circumstances, we cannot say that the trial court erred in deciding that Bowman's assertions against his attorney did not rise to the level of ineffective assistance of counsel. The trial court then properly preserved Bowman's rights by retaining the attorney most familiar with the case to remain in the courtroom in the event that Bowman wanted his help. Therefore, because the trial court had an attorney available and Bowman refused his services, the trial court did not deny Bowman his constitutional right to counsel.

Bowman also contends that the trial court improperly accepted his guilty plea because he was unrepresented by counsel and he did not knowingly, intelligently, and voluntarily waive his right to counsel. Bowman argues that he was denied counsel because no one would advise him on his question concerning the appealability of the IAD speedy trial issue. Because of our holding that counsel was available but Bowman refused his services, the assignment of error is overruled.

### SECOND & THIRD ASSIGNMENTS OF ERROR.

"II. The trial court erred in accepting appellant's guilty plea as said plea was not entered knowingly, intelligently and voluntarily. Accordingly, appellant was deprived of his right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article One Section Sixteen of the Ohio Constitution.

"III. The trial court erred in denying appellant's motion to dismiss for failure to comply with the Interstate Agreement on Detainers, R.C. Section 2963.30. Article III, and thus deprived appellant of his statutory right to a speedy trial."

Because both assignments of error are interrelated, they will be addressed together.

Bowman contends that the trial court failed to substantially comply with Crim. R. 11 when it accepted his guilty plea because it failed to engage Bowman in meaningful dialog regarding the maximum possible sentence, the nature of the charge and the effect of a guilty plea. We disagree.

The transcript of proceedings provides in part:

"***

"It was indicated to the Court at this time Frank, that you do want to waive your trial by jury now and enter a guilty plea and proceed according to the plea negotiations; is that correct?

"Mr. Bowman: Yes, sir.

"The Court. All right. And, in fact, I just prepared a written waiver, basically in my own handwriting which says:

"'I hereby waive my right to trial by jury.'

"And you have signed that in open court; is that correct?

"Mr. Bowman. Yes sir.

"The Court. Okay Frank, I want you to know that by entering a guilty plea -- and I know you know this but I have to state this on the record --that you have waived your right to a trial by jury. You are waiving your right to a trial whereby the State has to prove you guilty beyond a reasonable doubt and you do not have to testify against yourself.

"You are waiving your right to produce witnesses at no cost to you, to testify in your own behalf, if you have those witnesses.

"You are waiving your right to confront witnesses who have come forward against you. Do you understand that?

"Mr. Bowman. Yes, sir.

"***

"The Court. Okay, so do you want to proceed?

"Mr. Bowman. Yes, sir.

"The Court. Are you ready to enter your guilty plea?

"Mr. Bowman. Yes, sir.

"The Court. All right. Other than the jurisdictional question that you want to possibly appeal, is there any question in your mind concerning your guilt as you are charged?

"Mr. Bowman. No, sir.

"The Court. And is there anything that has happened that has not been recited into the record?

"Mr. Bowman. No, Your Honor.

"The Court. Okay, you understand that for your plea of guilty, I am going to take the recommendation of the plea bargain which was for one year definite?

"Mr. Bowman. Yes, sir.

"The Court. Okay. Now, has there been anything else promised to you or said to you?

"Mr. Bowman. Just that the specification would be changed or would be dropped.

"Mr. Oldendick. *** At this time with an agreement that the Defendant enter a plea of guilty, waiving his right to trial, waiving his right to confront witnesses and other constitutional rights, the State would move to amend the indictment, dismissing the specification which calls for an indefinite term by Statute, and allow the guilty plea only to the escape charge, which is a standard F-4. And further that the sentence would be one year definite with the understanding that actual term of incarceration is by Statute, to run consecutive to any other sentence he may be serving.

"The Court. All right, is that your understanding now, of the agreement?

"Mr. Bowman. Yes, sir.

"The Court. Okay, so we will let the record reflect you entered a voluntary guilty plea to the amended indictment of escape and in turn the Court is going to sentence you to one year definite to run consecutive to what you are serving now. Is that your understanding?

"Mr. Bowman. Yes, sir.

"The Court. It will be the judgment of this Court that Mr. Bowman entered a guilty plea to the amended indictment voluntarily and with full knowledge of all the consequences thereof. "*** ." (Tr. 32-40).

The record also reflects that both the trial court and Bowman understood that based on the negotiated plea that had been read into the record, that if Bowman accepted the plea, he would plead guilty and probably receive a one-

year definite sentence and the specification would be dropped. If he pleaded no contest or went to trial and was found guilty, the prosecutor would recommend an indefinite sentence and the court could impose a 1 1/2 to 2 to 3 to 5-year indefinite sentence. Accordingly, Bowman was aware of the possible maximum penalty he could receive. The prosecutor also stated on the record that he was making the offer because a guilty plea would prevent Bowman from appealing the IAD speedy trial issue and the state wished to avoid an appeal.

The trial court also informed Bowman that he was waiving his privilege against compulsory self-incrimination, his right to a jury trial, his right to confront his accusers, and his right to compulsory process of witnesses, in a manner reasonably intelligent to Bowman. See *State v. Ballard* (1981), 66 Ohio St. 2d 473, 478-480.

Bowman also contends that his plea was not voluntarily made because he was under the impression that the IAD speedy trial issue was a jurisdictional issue and therefore could be appealed.

Because the plea of guilty is a complete admission of a defendant's guilt, it waives all non-jurisdictional defects assuming the regularity and constitutionality of the plea itself, and the procedure by which it was accepted by the court. *State v. Brown* (1988), 43 Ohio App. 3d 39, 40. We have previously determined that the trial court's acceptance of Bowman's guilty plea was proper. Accordingly, we now consider the jurisdictional nature of the IAD speedy trial issue. In *Howalak v. United States* (6th Cir. 1981), 645 F. 2d 534, 537, the Sixth Circuit Court of Appeals determined that the rights created by the IAD are non-jurisdic- tional. To permit the raising of IAD questions after a plea of guilty, entry of judgment and the sentencing, would undercut the policy of achieving prompt and final judgments. *Id.*

In this instance, in the interest of justice, we will address this issue. Bowman contends that the trial court improperly denied his motion to dismiss the indictment because the state violated the IAD as codified in R.C. 2963.30. He argues the state violated the IAD because it failed to bring him to trial within one hundred-eighty days of August 4, 1988, which was when all requirements of IAD had been satisfied. We disagree.

The speedy trial provisions contained in the IAD do not apply unless the defendant is serving a prison term. *State v. Thompson* (1984), 19

Ohio App. 3d 261, 264. Bowman contends that for purposes of Article III, once he entered upon a term of imprisonment in Michigan, his letters to the court and prosecutor started the one hundred-eighty days running even though one Michigan charge remained pending.

R.C. 2963.30, Article III, provides in part:

"(a) whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of, the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole edibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

"(b) The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, commissioner of corrections or other official having custody of him, who shall promptly- forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.
" *** "

Under the provisions of the statute, the one hundred eighty-day period does not begin to run until the defendant files a request with the prosecutor and the court which must be accompanied by a certification of the warden or other prison official. *State v. Reitz* (1984), 26 Ohio App. 3d 1, 2. Notice to the prison officials and the certificate of inmate status are essential to effectuate the purposes of the IAD. *State v. York* (Feb. 12, 1990), Clermont App. No. CA 89-06-

044, unreported and appeal dismissed. 52 Ohio St. 3d 702. Therefore, a defendant fails to even substantially comply with the terms of the IAD if he does not forward his request to the prison so that they can prepare the necessary certificate of inmate status. In such a case, the defendant is not entitled to the protection provided in the IAD. *York, supra.*

In this case appellant sent his request for a speedy trial directly to the Judge of the Court of Common Pleas of Crawford County in Bucyrus without first submitting it to the warden having custody of him. This is contrary to the express terms of the IAD and does not represent substantial compliance on the part of appellant.

In this instance, Bowman's only request which was accompanied by the certificate of inmate status, was received in January 1989. Therefore, the trial court could properly find that Bowman did not satisfy all the requirements of the IAD until January 1989, which was when the one hundred eighty days began to run. The assignments of error are overruled.

*FOURTH ASSIGNMENT OF ERROR.*

"The trial court erred in denying appellant's motion to dismiss, as he was deprived of his right to a speedy trial, guaranteed by the Sixth and Fourteenth Amendments to the United State Constitution and Article I, Section Ten of the Ohio Constitution."

Bowman contends that his constitutional right to a speedy trial was denied to him and, therefore, the indictment should have been dismissed because the delay was unreasonable.

Normally, a defendant's guilty plea waives any right to challenge the conviction on the basis of a speedy trial violation, even though the defendant has timely moved for discharge prior to entering the plea. *Montpelier v. Greeno* (1986), 25 Ohio St. 3d 170. Because Bowman knowingly and voluntarily pleaded guilty with the possible exception of the statutory IAD speedy trial issue, Bowman waived this constitutional issue for purposes of appeal. The assignment of error is overruled.

*FIFTH ASSIGNMENT OF ERROR.*

"Appellant was deprived of his right to a fair proceeding, under the Due Process Clauses of the United States Constitution and the Ohio Constitution, by the cumulative effect of the errors that occurred in the trial court."

Based upon our disposition of Bowman's other assignments of error, and our determination that these would not be the type of

nonprejudicial errors contemplated by the Supreme Court of Ohio which could require reversal, had they constituted errors, we overrule this assignment of error. See *State v. DeMarco* (1987), 31 Ohio St. 3d 191, 196-97.

The judgment is affirmed.

*Judgment affirmed.*

BRYANT and EVANS, J.J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.