993 F.2d 1546
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James BREWER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-6322.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1993.
 ORDER
 
 1
 Before GUY and NELSON, Circuit Judges, and SPIEGEL, District Judge.*
 
 
 2
 Petitioner, James Brewer, appeals a district court order denying a motion filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On September 9, 1986, petitioner and two co-defendants were convicted by a jury of two counts of unlawful possession of firearms by a convicted felon. Petitioner received concurrent sentences of twenty years and ten years. His conviction was ultimately affirmed on appeal, following rehearing of a decision to reverse. See United States v. Brewer, 841 F.2d 667 (6th Cir.), modified on rehearing, 853 F.2d 1319 (1988), cert. denied, 489 U.S. 1021 (1989).
 
 
 4
 In his motion filed pursuant to 28 U.S.C. § 2255, petitioner claimed his counsel's assistance was ineffective in two respects: 1) counsel advised petitioner to refuse a plea offer of seven years because he was confident a motion to suppress would be successful; and 2) after the initial appellate decision and prior to rehearing, counsel failed to inform petitioner of a second offer of seven years. The district court denied the motion in a memorandum opinion and order filed August 26, 1992.
 
 
 5
 On appeal, petitioner reasserts his claim and further argues that the district court abused its discretion in dismissing his motion without first conducting an evidentiary hearing.
 
 
 6
 Upon review, we conclude that petitioner has failed to show a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990). Petitioner has failed to show that his counsel's performance was deficient or that deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984); Lewandowski v. Makel, 949 F.2d 884, 888 (6th Cir.1991). The record does not show that counsel's advice with respect to the first plea offer represented anything other than a legitimate exercise of professional judgment. Petitioner was not denied adequate legal representation by his counsel's failure to advise him of a second plea offer, moreover, if no such offer was made--and the record contains affirmative representations by the prosecutor and by counsel for a co-defendant that there was no second offer.
 
 
 7
 The district court's decision not to hold an evidentiary hearing in the instant case was not an abuse of discretion because petitioner's ineffective assistance of counsel claim is affirmatively contradicted in the record. See Kowalak v. United States, 645 F.2d 534, 537 (6th Cir.1981).
 
 
 8
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, U.S. District Judge for the Southern District of Ohio, sitting by designation