**William Grant STRAWDERMAN**

v.

**UNITED STATES of America.**

**Civ. A. No. 76–0490–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

April 12, 1977.

William Grant Strawderman, pro se.

Robert W. Jaspen, Asst. U. S. Atty., Richmond, Va., for defendant.

## MEMORANDUM ORDER

WARRINER, District Judge.

Petitioner, a federal inmate, filed this action pursuant to 28 U.S.C. § 2255[1] alleging that the Court lacked jurisdiction when it sentenced him on 16 May 1975 for conspiracy to commit bank robbery.

A federal grand jury returned a true bill of indictment against petitioner charging him with various offenses. At that time petitioner was in the custody of the Commonwealth of Virginia confined in the Fairfax County Jail, Fairfax, Virginia. The United States Attorney petitioned the United States District Court for a writ of habeas corpus ad prosequendum (hereinafter referred to as writ) directing State authorities to deliver petitioner to the federal dis-

---

1. 28 U.S.C. § 2255 states in pertinent part: A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

trict court in Alexandria, Virginia, on 21 March 1975. The writ issued and the State delivered the defendant for arraignment on the prescribed date. He entered pleas of not guilty to all the counts of the indictment. A trial date was set and defendant was immediately returned to State custody.

Awaiting trial defendant decided to change his plea to guilty. Another writ was issued for petitioner's appearance in federal court on 15 April 1975 at which time he was rearraigned and entered his plea of guilty to the charge for which he now stands convicted. After his plea was accepted in open court he was immediately returned to State custody. Another writ issued for his appearance at sentencing and he was returned to federal court on 16 May 1975 for imposition of sentence.

At no relevant time did the United States cause a detainer to be filed against petitioner, nor did it ever seek custody of petitioner other than by means of the aforementioned writs.

Petitioner contends that since he was returned to State custody after his initial appearance in federal court on 21 March 1975, instead of being retained in the custody of the United States until trial on the federal charges, these charges should be dismissed pursuant to Article IV(e) of the Interstate Agreement on Detainers Act, 18 U.S.C. App. A (hereinafter referred to as Agreement). Article IV(e) provides:

If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner being returned to the original place of imprisonment . . . [the indictment] shall not be of any further force and effect, and the court shall enter an order dismissing the same with prejudice.

This Court is in agreement with the argument in respondents brief which contends that petitioner's guilty plea precludes the court from resolving the above issue.

In *Tollett v. Henderson,* 411 U.S. 258 at p. 267, 93 S.Ct. 1602 at p. 1608, 36 L.Ed.2d 235 (1973) the Supreme Court in its majority opinion stated:

[A] guilty plea represents a break in the chain of events which has preceded it in a criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards [of competence demanded of attorneys in criminal cases].

■ The only other exception to the general rule was laid down by the Supreme Court in *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). The Court found that where the "very initiation of proceedings against . . . [defendant operates] to deny him due process of law," such as where the law of double jeopardy precludes the court from taking cognizance of the case at all, a guilty plea will not foreclose defendant from attacking his conviction on that basis in a federal habeas corpus proceeding. *Blackledge supra* at p. 30, 94 S.Ct. 2098, 2104.

■ Petitioner's guilty plea herein comes within the traditional rule reaffirmed in *Tollett* and it is not within the exception mentioned there or enunciated in *Blackledge.* Petitioner has not alleged that his plea was involuntary or that his counsel did not provide competent assistance. Nor is there any constitutional reason, no less one fitting within the limited exception of *Blackledge,* why a prosecution may not proceed against a State prisoner who has been brought to federal court for federal charges and who is in due course returned to State custody prior to disposition of those federal charges. Assuming there was a violation of the Agreement, that violation is only statutory, not rising to constitutional proportions.

Accordingly, petitioner's claim is deemed to be waived by the entry and acceptance of his guilty plea and the petition shall be dismissed without further inquiry.

And it is so ORDERED.