Robert J. ENRIGHT, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 77 Civ. 449.

United States District Court,
S. D. New York.

July 13, 1977.

Prisoners' Legal Services of New York,
New York City, for petitioner; Susan N.
Herman, Pierce J. Gerety, Jr., New York
City, of counsel.

Robert B. Fiske, Jr., U. S. Atty. S. D. N.
Y., New York City, for respondent; Denise
Cote, Asst. U. S. Atty., New York City, of
counsel.

METZNER, District Judge:

This is an application for a writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2255. Petitioner alleges that his twenty-year sentence of imprisonment imposed by this court in 74 Cr. 1152 is unlawful in that he was tried on that indictment in violation of Article IV(e) of the Interstate Agreement on Detainers (the Act), 18 U.S.C.App.

On May 24, 1977, this court issued an opinion which reviewed the facts of this case and concluded that an evidentiary hearing on the issue of whether petitioner had waived his rights under the Act was necessary. That hearing was held on June 10, 1977.

Petitioner testified without contradiction at the hearing that he had never requested to be returned to state custody prior to his trial on his federal indictment, and that he never authorized his attorney to request such a transfer for him. He further testified that he was never informed of his rights under the Act and first became aware of those rights only after reading a newspaper article regarding the decision of *United States v. Mauro*, 544 F.2d 588 (2d Cir. 1976), *petition for cert. filed*, 45 U.S. L.W. 3765 (U.S. May 13, 1977) (No. 76–1596).

Petitioner was returned to state custody as a result of a telephone request for such a transfer from petitioner's privately retained attorney. The government was prepared to proceed to trial whenever the court's docket permitted. However, petitioner's attorney at his criminal trial stated that the petitioner himself desired such a transfer. Solely as a result of the telephone call, the assistant proceeded immediately that day to have the writ of habeas corpus ad prosequendum satisfied by the Part I judge. He was not the judge to whom this case was assigned.

 The issue, therefore, is whether these facts indicate a waiver by petitioner of his rights under the Act.

The Second Circuit has explicitly stated that for there to be an effective waiver of rights under the Act, it must be shown that there was an " 'intentional relinquishment or abandonment of a known right or privilege.' *Johnson v. Zerbst*, 304 U.S. 458, 464, [58 S.Ct. 1019, 1023, 82 L.Ed. 1461] (1938)." *United States v. Mauro, supra* at 591 n. 3.

The first requirement for a waiver to be valid under this standard is that the waiver must be that of the person alleged to have waived a right. In *Humphrey v. Cady*, 405 U.S. 504, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972), the Supreme Court was presented with the issue of whether an attorney had validly waived a client's right. The Court, in remanding to the district court for an evidentiary hearing, stated, "a waiver must be the product of an understanding and knowing decision by the petitioner himself, who is not necessarily bound by the decision or default of his counsel." *Id.* at 517, 92 S.Ct. at 1056. The Court further stated: "If the District Court cannot find persuasive evidence of a knowing and intelligent waiver on the part of the petitioner himself, then the Court should proceed to consider petitioner's constitutional claims." *Id.* The evidence in this case fails to prove that petitioner himself waived his rights under the Act.

Since this court finds that petitioner did not waive his right to have a trial on his federal indictment prior to his return to state custody, the court must grant this petition for a writ of habeas corpus. The Second Circuit's decisions in *United States v. Cyphers and Ferro*, 556 F.2d 630 (2d Cir., 1977), *United States v. Ford*, 550 F.2d 732 (2d Cir. 1977), and *United States v. Mauro, supra*, compel such a result, despite the government's desire for a speedy trial and the actual scheduling of such a trial by the court three days after the writ was satisfied. The court was unaware at the time of what had transpired prior thereto.

 The government argues, inter alia, that failure of petitioner to raise this issue either at trial or on appeal should thus preclude him from seeking collateral relief. This issue has not been passed upon by the Second Circuit. *United States v. Chico and Colello*, 558 F.2d 1047 at 1049 n. 6 (2d Cir. 1977).

It is the opinion of this court that a prisoner may seek relief pursuant to 28 U.S.C. § 2255 for a sentence imposed allegedly in violation of the Act. Although "nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings", *Stone v. Powell*, 428 U.S. 465, 477 n. 10, 96 S.Ct. 3037, 3043, 49 L.Ed.2d 1067 (1976), where the alleged violation is constitutional in nature or goes to a jurisdictional defect, a collateral attack is always permitted. *E.g., United States v. Loschiavo*, 531 F.2d 659, 662–63 (2d Cir. 1976). Article IV(e) of the Act states:

> "If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information, or complaint *shall not be of any further force or effect*, and the court shall enter an order dismissing the same with prejudice." 18 U.S.C.App. (emphasis supplied).

Thus it is clear that if a prisoner is returned to state custody prior to a trial on his federal indictment, that federal indictment loses all "force or effect" upon the transfer of the prisoner back to the state. Therefore, this court was without jurisdiction to either determine the merits of the case or to impose sentence in regard to indictment 74 Cr. 1152. Since the violation of Article IV(e) of the Act created a jurisdictional defect in the indictment, the sentence imposed upon it may be attacked collaterally in a Section 2255 petition, even though not raised at trial or on appeal.

Accordingly, this petition is granted. A writ shall issue, but the issuance of the writ shall be stayed for thirty days pending the filing of a notice of appeal by the government, if it is so advised.

So ordered.