**UNITED STATES of America**

v.

**Terry Dennis PALMER, Appellant.**

**No. 77–2163.**

United States Court of Appeals, Third Circuit.

Argued Jan. 12, 1978.

Decided March 22, 1978.

Certiorari Denied June 19, 1978. See 98 S.Ct. 3097.

George E. Schumacher, Federal Public Defender, by Thomas S. White, Asst. Federal Public Defender, Pittsburgh, Pa., for appellant.

Blair A. Griffith, U. S. Atty., Joel B. Strauss, Edward J. Schwabenland, Asst. U. S. Attys., Pittsburgh, Pa., for appellee.

Before ALDISERT and HUNTER, Circuit Judges, and CAHN,* District Judge.

## OPINION OF THE COURT

CAHN, District Judge.

This appeal presents the narrow issue of whether a criminal defendant, after entering a knowing and voluntary guilty plea, is entitled to a dismissal of the indictment because of the government's violation of Article IV(e) of the Interstate Agreement on Detainers (hereinafter "IAD"), 18 U.S.C. App. § 2 (1977 Supp.).[1]  Since we hold that

---

* Edward N. Cahn of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

1. IAD Article IV(e) provides:
   If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the

original place of imprisonment pursuant to Article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

he is not, we affirm the district court's denial of defendant's motion to dismiss the indictment.

Defendant Palmer was indicted by a federal grand jury on April 28, 1977, on two counts of forging and cashing a United States Treasury check as prohibited by 18 U.S.C. § 495. On May 25, 1977, defendant was sentenced on an unrelated state charge in the Court of Common Pleas of Erie County, Pennsylvania. On the same day he began serving that sentence in the Erie County Jail. On June 2, 1977, the federal government obtained custody of defendant by writ of habeas corpus ad prosequendum, issued pursuant to 28 U.S.C. § 2241(c)(5), and arraigned him in the United States District Court for the Western District of Pennsylvania. The defendant was then returned to the Erie County Jail. On June 22, 1977, defendant was transferred from the Erie County Jail to the Western Pennsylvania State Diagnostic and Correctional Institute at Pittsburgh, Pennsylvania ("Western Penn").[2] On August 1, 1977, the federal government again took custody of defendant by writ of habeas corpus ad prosequendum. On that day, following a colloquy pursuant to Fed.R.Crim.P. 11, the adequacy of which is not in dispute, defendant pleaded guilty to both counts in the federal indictment. Thereafter he was immediately returned to Western Penn.

On August 14, 1977, defendant filed a motion to dismiss the indictment on the ground that his transfers from state custody to federal custody and then back to state custody violated Article IV(e) of the IAD. On August 26, 1977, the district court denied the motion and sentenced defendant to two years of imprisonment imposed concur-

rently with the state sentence. Defendant then filed this direct appeal.

■ The parties do not dispute that a violation of the IAD in fact took place. If defendant had raised this contention prior to pleading guilty, the indictment would have been dismissed with prejudice. *United States v. Sorrell*, 562 F.2d 227 (3d Cir. 1977); *United States v. Thompson*, 562 F.2d 232 (3d Cir. 1977); *United States v. Mauro*, 544 F.2d 588 (2d Cir. 1976). The sole issue for decision is whether defendant, after pleading guilty without reservation, may thereafter complain about violations of Article IV(e) of the IAD. *See United States v. Zudick*, 523 F.2d 848, 851 (3d Cir. 1975); *United States v. D'Amato*, 436 F.2d 52, 53 (3d Cir. 1970). *Cf. also, Lefkowitz v. Newsome*, 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975).

■ Defendant pleaded guilty on August 1, 1977. At that time, the applicability of Article IV(e) to his situation was still in doubt because *Sorrell* and *Thompson* had not yet been decided. Defendant apparently made a rational and voluntary decision to accept the benefits of pleading guilty.[3] Although he moved to dismiss the indictment before sentencing, he was not willing to surrender these benefits by seeking to withdraw his plea and "taking his chances" on the outcome of his IAD motion. By pleading guilty in this way, defendant waived his right to have the Article IV(e) claim considered.

■ Defendant contends the court lacked subject matter jurisdiction because the IAD provides the indictment "shall not be of any further force or effect" and entitles a de-

---

**2.** The government has conceded that the defendant was not held in federal custody at the Western Penn because that institution is not designated as a holding place for federal prisoners awaiting trial in the United States District Court for the Western District of Pennsylvania.

**3.** At oral argument, defendant's counsel represented to the court that he was aware of the provisions of Article IV(e) at the time defendant pleaded guilty, but was unsure whether they applied in defendant's situation. While

the record is bare of evidence of any plea bargain in defendant's case, we assume that defendant's counsel obtained some concessions from the government in exchange for the plea. He and the defendant apparently deemed these concessions acceptable in view of the uncertainty surrounding the IV(e) claim. We note in this regard that the government made no sentencing recommendation and that the sentence imposed was concurrent with the state sentence.

fendant to dismissal "with prejudice" when Article IV(e) is violated. The defendant is correct that errors and defenses which go to the jurisdiction of the court to accept a guilty plea may be raised even after the plea has been entered. *See e. g., Blackledge v. Perry,* 417 U.S. 21, 30, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *United States v. Hawthorne,* 532 F.2d 318, 321–2 (3d Cir. 1976), *cert. denied,* 429 U.S. 894, 97 S.Ct. 254, 50 L.Ed.2d 177 (1976); *United States v. Loschiavo,* 531 F.2d 659, 662–3 (2d Cir. 1976).

However, the nature of defendant's rights under the IAD disposes of this contention. The Supreme Court has consistently held that even deprivation of constitutional rights occurring prior to the entry of a guilty plea may not be asserted in subsequent proceedings. *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *Brady v. United States,* 397 U.S. 742 (1970); *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Parker v. North Carolina,* 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970). The IAD, on the other hand, constitutes nothing more than a set of procedural rules. The statutory right to dismissal due to an administrative violation of these rules is therefore not "fundamental", even though its impact on a defendant may be great. *Cf. Blackledge v. Perry, supra,* at 30, 94 S.Ct. 2098.

■ In our view, whether a claim is "jurisdictional" or not depends on the source and importance of the right asserted as well as its impact. We therefore hold that the violation of a statutory provision such as Article IV(e) is not sufficiently important to deny a court jurisdiction to entertain a guilty plea where the defendant fails to raise the issue in a timely manner. *Strawderman v. United States,* 436 F.Supp. 503 (E.D.Va.1977). Furthermore, while the impact of defendant's right to a dismissal

under Article IV(e) may be great, it is no greater than the impact of the right to suppress a confession which may constitute the bulk of the government's proof against a defendant. Nor is it any greater than the right to a dismissal because of an improperly constituted grand jury. The Supreme Court has held that these rights—even though derived from the Constitution—are also not sufficiently "fundamental" to permit avoidance of a voluntary plea. *McMann v. Richardson, supra; Parker v. North Carolina, supra;* and *Tollett v. Henderson, supra. See also Burrows v. Engle,* 545 F.2d 552 (6th Cir. 1976) (right to challenge wording of indictment waived). In light of these cases, it would be anomalous for us to hold that the statutory rights derived from the IAD cannot be waived. *See Edwards v. United States,* 564 F.2d 652, No. 77–2048 (2d Cir. 1977) (IAD violation not a "fundamental defect"). *Cf. United States v. Ford,* 550 F.2d 732, 742 (2d Cir. 1977) (protections in IAD Article IV(e) may be waived).[4]

■ We note that the purposes of the IAD are to implement a defendant's right to a speedy trial and to avoid excessive interference with a prisoner's rehabilitation in the state prison system. *United States v. Sorrell, supra,* at 229; *United States ex rel. Esola v. Groomes,* 520 F.2d 830, 833 (3d Cir. 1975); *United States v. Ford, supra,* at 737–41 (2d Cir. 1977). These purposes are not disserved by our ruling that the benefits of the act may be waived by a guilty plea. The right to a speedy trial may be waived. *See Barker v. Wingo,* 407 U.S. 514, 523–9, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The defendant in the case at bar never requested to be tried, nor was any substantial delay in affording him a trial evident. Furthermore, a prompt guilty plea enables a defendant to recommence his state program for rehabilitation without any delay. Con-

4. Defendant contends that *Enright v. United States,* 434 F.Supp. 1056 (S.D.N.Y.1977), compels a dismissal of the indictment. In view of the recent decision in *Edwards v. United States,* 564 F.2d 652, No. 77–2048 (2d Cir. 1977), we doubt that *Enright* has value as precedent, even in its own circuit. Further-

more, the issue in *Enright* was not whether a violation of the IAD is waived by a guilty plea. Rather, *Enright* considered whether other acts by the defendant constituted a knowing and voluntary waiver of the provisions of the IAD. *Cf. Strawderman v. United States,* 436 F.Supp. 503 (E.D.Va.1977).

gressional intent will be frustrated to a far lesser extent by our binding defendant to his plea than by our adopting a rule which would release numerous defendants who have already admitted their guilt.[5]   *Cf.* Judge Garth's dissenting opinion in *United States v. Thompson, supra,* at 239; *Daniel v. Louisiana,* 420 U.S. 31, 33, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975).   Accordingly, we hold that the judgment of the district court will be affirmed.

---

**5.** It is presumably for this reason that this court noted in *Sorrell, supra,* at 231, that "there seems little justification for retroactive application of the statutory construction ultimately adopted, through collateral attack, where the defendant-prisoner has not requested a speedy trial prior to the trial."   *See also Edwards v. United States, supra,* (a claim based on a violation of IAD is not cognizable under 28 U.S.C. § 2255).