862 F.2d 870
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NITED STATES of America, Plaintiff-Appellee,
v.
Randy BOSO, Defendant-Appellant.
 No. 88-5075.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 20, 1988.
Decided: Nov. 23, 1988.
 
 Jeffrey W. McCamic (McCamic & McCamic), for appellant.
 William Anthony Kolibash, Betsy Clare Steinfeld (Office of the United States Attorney); David Jonathan Horne (Bureau of Alcohol, Tobacco & Firearms), for appellee.
 Before SPROUSE and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Randy Boso, a West Virginia inmate, was indicted on federal charges stemming from the shipment of a handgun to one of his fellow inmates for purposes of escape. He was transferred from the West Virginia Penitentiary into federal custody on four separate occasions for arraignment, jury selection, entry of a guilty plea, and sentencing. Each of these transfers was for a period of several hours, and Boso was never held overnight in federal custody. The first and last transfers were accomplished by means of writs of habeas corpus ad prosequendum. There is no evidence in the record of how the second and third transfers were accomplished.
 
 
 2
 Boso contended that a detainer was lodged against him by the federal government, either as a result of the writs of habeas corpus ad prosequendum used to secure his court appearances or because of the court's refusal to set bail.* Therefore, after he had entered his guilty plea but prior to the imposition of sentence, he moved the district court to dismiss his indictment because the transfers back to state custody prior to sentencing violated the Interstate Agreement on Detainers Act (IAD), 18 U.S.C.App. Sec. 2 (1970). The district court denied his motion. We affirm.
 
 
 3
 The IAD requirement that a defendant transferred to a different jurisdiction for prosecution be tried before his return to the jurisdiction of his incarceration applies only where a detainer has been lodged against the defendant by the prosecuting jurisdiction. 18 U.S.C.App. Sec. 2(IV(e)) (1970). A writ of habeas corpus ad prosequendum is not itself a detainer. United States v. Mauro, 436 U.S. 340, 357-61 (1978). Thus, the first and last transfers, which were accomplished only by means of writ of habeas corpus ad prosequendum and not by detainer, did not fall within the requirements of the IAD. Id. Therefore, the district court's refusal to dismiss the indictment based on these custody transfers was proper.
 
 
 4
 There is no evidence in the record of either detainers or writs of habeas corpus ad prosequendum being used to secure Boso's appearance in federal court on the day of jury selection, the day he entered his guilty plea, or the day he was sentenced. Assuming arguendo that Boso's custody transfers on those days were accomplished by means of detainers, the district court's denial of his motion to dismiss was still proper. Boso waived any objection to his transfers by virtue of his guilty plea. United States v. Palmer, 574 F.2d 164 (3d Cir.), cert. denied, 437 U.S. 907 (1978); cf. Tollett v. Henderson, 411 U.S. 258 (1973).
 
 
 5
 Finally, we note that Boso was not held in federal custody overnight during any of his transfers. His short spells in federal custody did not impede his rehabilitation or prevent his participation in prison programs. Therefore, even if there was a detainer, the purposes of the IAD were not violated, and Boso's conviction was proper. Cf. United States v. Chico, 558 F.2d 1047 (2d Cir.1977), cert. denied, 436 U.S. 947 (1978).
 
 
 6
 The district court's denial of Boso's motion to dismiss was proper because the federal proceedings against him did not violate the IAD. We dispense with oral argument because the facts and legal contentions are adequately presented in the record and the argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Contrary to Boso's assertion, the district court did not refuse to set bail. It merely recognized that bail was not an issue at the time of arraignment since Boso was serving a state sentence. The court clearly informed Boso that a bail hearing would be scheduled in the event his status changed