

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-6-2004

# USA v. Tamburro

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2760

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Tamburro" (2004). *2004 Decisions.* Paper 721.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/721

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———————

No. 02-2760

———————

UNITED STATES OF AMERICA

v.

KERRI A. TAMBURRO,
Appellant

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 01-cr-00184-2)
District Judge: Hon. William J. Nealon

———————

Submitted Under Third Circuit LAR 34.1(a)
May 3, 2004

Before: SLOVITER, FUENTES and BECKER, Circuit Judges

(Filed May 6, 2004 )

———————

OPINION OF THE COURT

SLOVITER, <u>Circuit</u> <u>Judge</u>.

Kerri Tamburro, who pled guilty to possession with intent to distribute PCP in violation of 21 U.S.C. § 841(a)(1), appeals from the order of conviction and sentence. We will affirm.[1]

**I.**

The parties are familiar with the facts, and we discuss them only when needed.

On May 18, 2001, Detectives from the Pocono Mountain Regional Police Department, in Mount Pocono, Pennsylvania ("Police"), received information from a confidential informant that Isaac Purcell had traveled to New York City earlier in the day and purchased Phencyclidine ("PCP"). The Police had a previous relationship with this informant, in which he had proven to be a reliable source of information. Furthermore, the Police were aware that Purcell was previously arrested for dealing marijuana and LSD.

The informant told the Police that Purcell would be leaving a residence on Kuhenbeaker Road in Tunkhannock Township in a gray Ford Escort with New Jersey registration and that Purcell would have the recently purchased PCP with him in the car. The Police subsequently dispatched detectives to monitor this residence, and Purcell was observed leaving in the Ford Escort with Tamburro driving the car.

---

[1] This court has jurisdiction to review the District Court's decision pursuant to 28 U.S.C. § 1291.

The Police pulled the car over and informed Purcell and Tamburro that they were being detained for suspicion of possessing controlled substances. The Police observed Purcell attempting to hide something between his legs, and asked Purcell to get out of the car. After a pat-down search, Purcell attempted to get back in the car and was stopped by the detectives.

Detective Harry Lewis asked Tamburro for consent to search the car, to which she replied "no problem." App. Da. at 44. Prior to entering the car to conduct the search, Lewis saw a bottle containing a yellowish liquid between the car's front seats. App. Da. at 44. The content of the bottle was later determined to be PCP. Purcell denied knowing that the bottle was in the car, and said that it belonged to another person. The Police placed Purcell and Tamburro under arrest.

After Lewis read Tamburro her Miranda rights, she admitted that she had traveled to New York earlier in the day, and that Purcell had purchased PCP. App. Da. at 44. Tamburro reached into her slacks and revealed a ziplock bag that contained two more bottles of a yellowish liquid, which later tested positive for PCP.

Upon arrival at Police headquarters, Tamburro signed a voluntary consent form that confirmed her earlier oral consent to the search. The Police again advised Tamburro of her Miranda rights, but she continued to detail her relationship with Purcell and the PCP contained in the bottles. Tamburro explained that the bottles of PCP were in a ziplock bag between her and Purcell when the Police stopped the car, and stated that one

3

bottle must have fallen out in her attempt to grab the bag to stuff into her slacks. App. Da. at 45.

A federal grand jury indicted Tamburro with conspiracy to distribute and possess with intent to distribute controlled substances, including marijuana and PCP (Count I); possession with intent to distribute PCP (Count II); and possession with intent to distribute marijuana (Count III). She initially entered a not guilty plea, but thereafter, pursuant to a written plea agreement, pled guilty to the charge in Count II of the indictment, possession with intent to distribute PCP. App. Da. at 14. After a pre-sentence determination, Tamburro's guideline imprisonment range was set at 18-24 months, based on an offense level of 15 and a criminal history category of I. On June 13, 2002, the District Court sentenced Tamburro to fifteen months in prison and two years of supervised release. On June 19, 2003, Tamburro filed a notice of appeal.

## II.

Tamburro argues that her conviction and sentence should be overturned because the Police search of the vehicle violated her Fourth Amendment rights. Appellant's Br. at 11, 13. Because Tamburro voluntarily entered into a plea agreement and thereby waived her right to raise any constitutional challenges to her conviction, this argument is without merit.

By entering a voluntary and unconditional guilty plea, a criminal defendant waives his/her right to subsequently raise constitutional challenges to the conviction. The

Supreme Court has held, "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Even prior to the Supreme Court's holding in Tollett, this court held that,

> A plea of guilty is a waiver of all nonjurisdictional defects and defenses and constitutes an admission of guilt. Conviction and sentence following a plea of guilty are based solely and entirely upon the plea and not upon any evidence which may have been acquired by the prosecuting authorities.

United States v. Ptomey, 366 F.2d 759, 760 (3d Cir. 1966).

Similarly, in applying the Tollett rationale, we held that "even deprivation[s] of constitutional rights occurring prior to the entry of a guilty plea may not be asserted in subsequent proceedings." United States v. Palmer, 574 F.2d 164, 167 (3d Cir. 1978). In Palmer, the defendant pled guilty and later filed a motion to dismiss his indictment, alleging that the Government had violated the Interstate Agreement on Detainers prior to entering the plea. Id. at 166. The district court denied the motion, and this court affirmed, holding that by voluntarily entering a guilty plea, the defendant waived his right to make this argument. Id. at 167.

Here, Tamburro waived the right to raise any Fourth Amendment challenges to her conviction by knowingly and voluntarily entering a guilty plea. Tamburro signed her Motion to Withdraw Plea, which states that Tamburro, "after consultation and assistance

5

of her counsel, moves the Court to be permitted to withdraw her plea of not guilty and to enter a plea of guilty on Count II of the Indictment." App. Da. at 14. Thus, Tamburro is barred from raising any Fourth Amendment challenges to her conviction.

Although the waiver is dispositive of the issue on appeal, we note in passing that the Police search of the vehicle does not appear to run afoul of the Fourth Amendment because the car-stop was based on a reliable informant's tip, and Tamburro consented to the subsequent search. Moreover, Tamburro not only consented to the Police search prior to her arrest, but also later signed a voluntary "consent to search" that reaffirmed her previously given consent. App. Da. at 44. Thus, the District Court did not err by convicting Tamburro of the crime to which she pled "guilty."

**III.**

Tamburro also argues that her conviction should be reversed because her counsel was constitutionally ineffective since he did not move to suppress the evidence obtained by the Police during the vehicle search. Because Tamburro is raising this argument on direct appeal from the District Court's decision, her argument is premature.

This court has recently expressed its preference to refrain from considering a claim of ineffective assistance of counsel on direct appeal. In United States v. Thornton, 327 F.3d 268, 271-72 (3d Cir. 2003), we explained that we prefer to consider such claims on collateral review. See also United States v. Givan, 320 F.3d 452, 465 (3d Cir. 2003) (stating that "the proper mechanism for challenging the efficacy of counsel is through a

6

motion pursuant to 28 U.S.C. § 2255"). Because evaluating an ineffective assistance of counsel allegation requires an appellate court to examine the merit behind counsel's decisions, without a fully developed record a reviewing court "may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive . . . ." Massaro v. United States, 538 U.S. 500, 123 S. Ct. 1690, 1694 (2003). Thus, without a sufficient record, consideration of an ineffective assistance of counsel allegation is not appropriate on direct appeal.

The available record in this case consists only of the Police reports of the incident as well as the District Court's orders. There is nothing to suggest the motivation behind counsel's decision not to challenge the admissibility of the evidence obtained from the Police search. Thus, this court would not be able to adequately perform the proper inquiry required by Strickland v. Washington, 466 U.S. 668 (1984), to evaluate whether counsel's performance was deficient.[2]

For the reasons set forth, we will affirm the conviction and sentence without prejudice to Appellant's claim of ineffective assistance of counsel if filed in a collateral proceeding.

---

[2] We note that by agreeing to the "guilty" plea, Tamburro received a two-level reduction in offense level and a one-level downward departure for substantial assistance to the Government, but we leave the review of counsel's alleged ineffectiveness to a later date.