# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TERRANCE STOKES, | ) | Cr. A. No. 1706006325B |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Date Decided: August 5, 2020

On Defendant Terrance Stokes' Motion for
Post-Conviction Relief. **DENIED.**

## ORDER

On June 9, 2017, Defendant was arrested and charged with three counts of Drug Dealing, two counts of Conspiracy Second Degree, two counts of Possession or Control of a Firearm by a Person Prohibited ("PFBPP"), one count of Possession or Control of Ammunition for a Firearm by a Person Prohibited ("PABPP") and one count of Possession of Drug Paraphernalia.[1]

---

[1] Mot. to Withdraw as Counsel Pursuant to Rule 61(e)(6) […], App. at pp. A18-A23.

On February 13, 2018, Defendant pled guilty to one count of PFBPP and, pursuant to the plea agreement, the remaining charges were *nolle prossed*.[2] On February 13, 2018, Defendant was sentenced to a total of five years at Level 5.[3] On March 19, 2018, Defendant filed a *pro se* letter with the Court, deemed by this Court to be a request for a sentence modification, and expressed confusion over the terms of the sentence.[4] Defendant also requested a mental health evaluation. Accordingly, on April 5, 2018, the Court modified Defendant's sentence to include a mental health evaluation.[5] On May 14, 2018, Defendant filed another *pro se* motion for modification of sentence.[6] On June 1, 2018, this Court denied the motion.[7]

On August 3, 2018, Defendant filed a *pro se* motion for postconviction relief and *pro se* motion for appointment of counsel.[8] The Court appointed Christopher S. Koyste, Esquire, to represent Defendant. Mr. Koyste filed a motion to withdraw as counsel on February 15, 2019, stating that Defendant's claims were without merit.[9]

The Court must address Defendant's motion in regard to Rule 61(i) procedural requirements before assessing the merits of his motion.[10] Rule 61(i)(1) bars motions

---

[2] *Id.* at p. A39.
[3] *Id.* at p. A47 (Sentencing Trans.).
[4] *Id.* at p. A49.
[5] *Id.* at p. A50.
[6] *Id.* at p. A54-57.
[7] *Id.* at pp. A58-59.
[8] *Id.* at pp. A85-103.
[9] Mot. to Withdraw as Counsel Pursuant to Rule 61(e)(6) […] at p. 1.
[10] Super. Ct. Crim. R. 61(i)(1).

for postconviction relief if the motion is filed more than one year from final judgment. Defendant's Motion is not time barred by Rule 61(i)(1). Rule 61(i)(2)[11] bars successive postconviction motions, which is also not applicable as this is Defendant's first postconviction motion. Rule 61(i)(3) bars relief if the motion includes claims not asserted in the proceedings leading to the final judgment.[12] This bar is inapplicable to Defendant's claims ineffective assistance of counsel, which could not have been raised in any direct appeal.[13] Finally, Rule 61(i)(4) bars relief if the motion is based on a formally adjudicated ground.[14] This bar applies in part, and is discussed below.

Delaware adopted the two-prong test proffered in *Strickland v. Washington* to evaluate ineffective assistance of counsel claims.[15] To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different."[16] The Court's "review of counsel's

---

[11] Super. Ct. Crim. R. 61(i)(2).

[12] Super. Ct. Crim. R. 61(i)(3).

[13] *See State v. Berry*, 2016 WL 5624893, at *4 (Del. Super. Ct. June 29, 2016); *see also Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013).

[14] Super. Ct. Crim. R. 61(i)(4).

[15] *See Strickland v. Washington*, 466 U.S. 668 (1984); *see also Albury v. State*, 551 A.2d 53 (Del. 1988).

[16] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990); *see also Strickland v. Washington*, 466 U.S. 668 (1984).

representation is subject to a strong presumption that representation was professionally reasonable."[17] The "benchmark for judging any claim of ineffectiveness [is to] be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[18]

Defendant claims ineffective assistance of trial counsel ("IAC") for various reasons, however only one stands out: trial counsel did not investigate and/or argue an illegal search and seizure.[19] The other two claims involve an argument that (1) the search below was illegal and thus any evidence should be suppressed and (2) a bald allegation that the State committed a Brady violation by failing to provide all evidence in Defendant's case.[20] These other two claims are barred under Rule 61(i)(3) as they could have been raised in the proceedings leading to final judgment. Furthermore, by pleading guilty, Defendant waived his right to challenge errors that occurred prior to the entry of the plea.[21] As such, this Court need not discuss these

---

[17] *Id.*

[18] *State v. Wright*, 2015 WL 648818, (Del. Super. Ct. Feb. 12, 2015)(citations omitted).

[19] Mot. to Withdraw as Counsel Pursuant to Rule 61(e)(6) [...], App. pp. A95-98.

[20] Defendant has not specified any evidence that the State had allegedly withheld.

[21] *See United States v. Palmer*, 574 F.2d 164, 167 (3d Cir. 1978) ("The Supreme Court has consistently held that even deprivation of constitutional rights occurring prior to the entry of a guilty plea may not be asserted in subsequent proceedings.") (citing *Tollett v. Henderson*, 411 U.S. 258 (1973); *see also Day v. State*, 2011 WL 3617797 (Del. Aug. 17, 2011) (finding that defendant's ineffective assistance of counsel claim was waived when defendant voluntarily entered his guilty plea

other two claims because these arguments are barred by Rule 61(i)(3) and Defendant has waived this right to challenge errors that occurred prior to the entry of a guilty plea. This Court only need to discuss the merits of Defendant's IAC claim.

For Defendant to succeed on an ineffective assistance of counsel claim, he must demonstrate that his counsel's representation fell below an objective standard of reasonableness. Further, he must also demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[22]

The Court does not find any unprofessional errors in this matter. Defendant claims that his counsel did not "investigate the case" more thoroughly and collect independent evidence concerning an Illegal Search and Seizure claim.[23] This Court notes that Defendant's trial counsel did in fact investigate Defendant's case and researched the issue of an illegal search and seizure. Specifically, the trial counsel researched: (1) whether a *Franks* hearing could be requested due to the discrepancy between the alleged moving violations; (2) whether the information contained within the four corners of the affidavit was sufficient to support a finding of probable cause; and (3) whether any of the information used to find probable cause could be deemed

---

because a voluntary guilty plea waives any claims of error occurring prior to the entry of the plea).

[22] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990); *see also Strickland v. Washington*, 466 U.S. 668 (1984).

[23] Mot. to Withdraw as Counsel Pursuant to Rule 61(e)(6) [...], App. at p. A95.

stale.[24] Defendant's trial counsel communicated his findings to Defendant and explained why he would not be filing a motion to suppress evidence on the basis of an illegal search. In short, the trial counsel did not find that there was a basis for challenging the search warrants and found instead that the traffic stop and subsequent search of the residences were legal. Here, the Court finds that the trial counsel acted within the parameters of the *Strickland* standard.

After reviewing Defendant's Motion for Postconviction relief, Counsel's Motion to Withdraw, and all other relevant materials, the Court finds that Defendant's Motion for Postconviction Relief based on ineffective assistance of counsel is meritless. Defendant's claims do not demonstrate that trial counsel acted outside the *Strickland* standard of reasonableness, nor would have the result been different but for these alleged errors. Additionally, Defendant knowingly, intelligently, and voluntarily plead guilty to the charge on February 13, 2018. Accordingly, Defendant's Motion for Postconviction Relief is DENIED. Counsel's Motion to Withdraw is GRANTED.

**IT IS SO ORDERED.**

_____
The Honorable Calvin L. Scott, Jr.

---

[24] *Id.* at pp. A60-84.